JOANNA B. GILMAN, *in Equity, versus* CHARLES B. GILMAN & al., *Executors.*

Under a decree for an allowance, providing that the widow may "select any portion thereof" "from any articles" of the estate "at the appraisement thereof in the inventory,"— she may select a judgment founded upon a promissory note returned upon the inventory; and, as accessary to the principal, she is entitled to the interest which accrued after the appraisal.

Where such a judgment had been recovered by the executors, and partially satisfied by a levy upon personal and real estate, and the time of redemption had expired : — *Held*, in a bill in equity against the executors, that the widow is entitled to the proceeds of the levy upon the personal property, together with a release from the executors of the unredeemed real estate.

BILL IN EQUITY by the widow of the late Nathaniel Gil-

man, against the executors of his last will and testament, alleging substantially, —

That, as such executors, the respondents returned an inventory of such property belonging to the estate of the testator as was found within this State; that, among such property was a promissory note [described]; that the respondents, as such executors, commenced a suit upon this note in the county of Kennebec, recovered judgment thereon, April, 1864, and afterwards collected on said judgment and the execution thereon, by levies on personal and real property of the judgment debtor, the sum of $5,946,82 in part satisfaction of said execution and judgment, of which sum thus satisfied, $3,215,72 was by levy on real estate, and $2,731,10 on personal; that the avails of said personal estate, and said real estate unredeemed, now, and for more than two years have remained in the hands of the respondents as such executors; that the complainant waved the provisions made for her in the will, and, after due proceedings, obtained a decree for an allowance out of the personal estate of the testator; that said decree authorized her to select any part of the personal estate inventoried, at the appraisal thereof, towards the satisfaction of her allowance; that, on Nov. 24, 1866, under said decree, she did select the judgment aforesaid, in part satisfaction of her allowance, and notified the respondents thereof, said judgment being entirely founded on said note; that, on Nov. 24, 1866, the respondents assigned the judgment to her, but that they had previously collected a part of such judgment, the amount heretofore received, and still held the avails thereof; that, on Dec. 29, following, she demanded the amount thus collected, and also a release from them to her of the real estate by them held in part satisfaction of said judgment and execution, to be applied in part satisfaction of her allowance, and at the same time tendered them a receipt of the following tenor : —

"Waterville, Dec. 29, 1866.

"Received of Anna K. Gilman and Charles B. Gilman,

Gilman *v.* Gilman.

executors of estate of Nathaniel Gilman, seventeen thousand four hundred and thirty-four dollars and seventy-two cents, being appraised value of a note of George F. Gilman, which came into your hands and belonged to said estate, I having selected the same under the decree of the Probate Court, allowing to me $85,000 out of said estate, and you are also authorized to charge to me the costs of recovering judgment on said note and the costs of levying on real estate in part satisfaction of said judgment, in your settlement of said estate.          "Joanna B. Gilman;" that the respondents utterly refused to pay her the moneys so held by them, or to release to her the real estate then held by them in part satisfaction of the same judgment; which refusal is a breach of the trust reposed in them as such executors, and contrary to equity, &c.

The prayer was that the respondents might. answer, be required to pay over the moneys collected on such judgment, and release to her their interest in such real estate as is held by them, in part satisfaction of said judgment, and for a decree to that effect.

One of the respondents answered and the other demurred.

*W. B. S. Moor & S. Heath,* for the complainant.

*J. Baker,* for Charles B. Gilman.

*A. Libbey,* for Anna K. Gilman.

1. This Court has no jurisdiction. R. S., c. 77. The object of the bill is to enforce specific performance of a decree of the Probate Court, which this Court has no authority to do. *Bubier* v. *Bubier,* 24 Maine, 42. Nor can it enforce its own decrees by bill in equity. It is not a *trust* created by the parties, or resulting from their acts, or created by the will of the testator, or arising in the settlement of his estate within the meaning of the statute. *Given* v. *Simpson,* 5 Maine, 303. It is not a case where the demand is owned by the plaintiff and sued in the name of the respondents; for the land was taken, time of redemption had expired, and the title become absolute before complainant

had made her election. Nor did the assignment of the judgment, on Nov. 24, 1866, convey to the complainant any equitable right to the land which can be enforced in equity. The office of administrator is in the nature of a trust. But the enforcement of such a trust is in the probate courts, courts of law, and not in equity. A bill in equity does not lie to enforce a decree of distribution; but action upon the administrator's bond is the remedy; and in the case of real estate, by partition and not in equity. R. S., c. 65, § 24.

2. Complainant could not select the judgment. It was never inventoried. It is not same as note, but embraced costs which complainant did not offer to pay. If note and judgment are the same, they are *rights of action* embraced in the inventory which she was not authorized to select. See decree, *Gilman* v. *Gilman*, 53 Maine, 184. Choses in action are not appraised. R. S., c. 64, § 30. The decree, taken with the statute, authorized complainant to take the articles of personal property separately appraised. To entitle her to receive a chose in action, statute authority must be given. R. S., c. 65, § 14. She has no right to the interest accruing after appraisal.

3. She has no right to the land taken by the levy. The title had become absolute in the respondents, and they can convey only by virtue of a license from Probate Court. R. S., c. 65, §§ 22 to 24.

The land had ceased to be collateral, and could be conveyed only by virtue of a decree to that effect. R. S., c. 65, § 14.

Appleton, C. J.—By R. S., c. 65, § 13, a widow, in certain cases therein specified, is "entitled to so much of the personal estate, besides her ornaments and wearing apparel, as the Judge decrees necessary, according to the degree and estate of her husband and the state of the family under her care; * * and such allowance, when recorded, shall vest the title in her."

By § 14, the allowance thus made may include debts due the estate.

By c. 75, § 8, provision is made for the distribution of personal estate, "except that portion assigned to his (the) widow by law and the Judge of Probate." The widow's allowance precedes any distribution of the personal estate.

In the inventory of the estate of Nathaniel Gilman there was a promissory note of George F. Gilman, dated May 18, 1855, for $12,626,24, on interest, which was appraised at $17,434,72.

The amount of the complainant's allowance was determined by this Court in *Gilman* v. *Gilman*, 53 Maine, 184, and she was authorized to select any part of the personal estate inventoried by the defendants at the appraisal thereof. The only criterion the Probate Court has to determine the values of the different articles of personal property is the inventory as returned under oath. The decree there made was in accordance with the uniform practice since the existence of the State.

After, and in pursuance of the decree of this Court, the complainant selected the note of George F. Gilman, before referred to, and receipted to the defendants, as executors, for the amount at which it was appraised, to be applied in part satisfaction of her allowance. At the date of this receipt, Dec. 29, 1866, the note of said Gilman had become merged in a judgment at the suit of the executors; a part had been collected in money, and a part satisfied by a levy on the real estate of the debtor. After receiving this receipt, the defendants assigned to the complainant this judgment, but refused to pay her the money collected thereon and to convey her the real estate acquired by levy on the execution issued upon said judgment, the time of redemption having expired.

By R. S. 1867, c. 65, § 22, "when the deceased held any real estate in mortgage, without having foreclosed the right of redemption, or the executor or administrator has taken any for a debt due the estate, such executor or administra-

tor shall hold it in trust for the persons who would be entitled to the money if it was paid; and it shall be accounted for as personal assets in his hands, and, if redeemed, the money shall be received by him for the same trust, and he may release the estate."

By § 24, "if such real estate is not redeemed or sold as aforesaid, it shall be distributed among those who are entitled to the personal estate," &c.

The executors hold the money and real estate acquired by the levy in trust for those "who would be entitled to the money if it was paid." The real estate is to be regarded as personal for the purposes of distribution. The complainant, having under the decree of the Court taken the note and receipted to the defendants for the amount, — has thus received satisfaction *pro tanto* of her allowance. The defendants have had the full benefit of the judgment in and by the receipt thus given. They can neither legally nor equitably retain the fruits of that judgment and be allowed the full amount of the note upon which it was based and interest in the settlement of their account. Holding the money and real estate obtained by virtue of the judgment and execution against Gilman *in trust*, and the complainant being entitled to the same under the decree of this Court, and by virtue of having receipted to the defendants for the whole judgment, they must be decreed to execute this trust and pay over and convey to the complainant, if upon proof the allegations in the bill shall be established.

The objection taken that the complainant has not accounted for the costs is erroneous in fact. The receipt covers "the costs of recovering judgment * * and the costs of levying." These are to be deducted from the complainant's allowance.

The interest in the Gilman note between the time of the appraisal, as set forth in the inventory, is accessory to the principal and follows that. As the complainant is entitled to the note and its avails, she is entitled to the interest ac-

cruing on the note. It is but an equitable compensation for the delay arising from the contesting her allowance.

The demurrer of the defendant Anna K. Gilman, to the bill, must be overruled and she must answer over.

As to Charles B. Gilman, the bill being in substance admitted, it must be taken *pro confesso.*

CUTTING, WALTON, DICKERSON, BARROWS and TAPLEY, JJ., concurred.